LEE BUILDERS, INC.,

*vs.*

WILLIAM F. WELLS, JR. and CATHERINE C. WELLS, his wife, and SARAH E. WELLS, widow.

*New Castle, March 17, 1954.*

*Albert W. James* and *H. James Conaway, Jr.,* of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.

*Daniel O. Hastings* and *Clarence W. Taylor,* of Hastings, Stockly & Walz, Wilmington, for defendants.

BRAMHALL, Vice Chancellor: This suit has been remanded to this court by the Supreme Court for the purpose of determining defendants' counterclaim for damages. More complete statements of the essential facts will be found in the opinion of the Supreme Court, *Wells v. Lee Builders, Inc.,* 34 *Del.Ch.* 107, 99 *A.2d* 620, and the former opinion of this court, *Lee Builders, Inc. v. Wells,* 33 *Del.Ch.* 315, 92 *A.2d* 710.

Plaintiffs and defendants entered into a written agreement dated May 12, 1950, providing for the sale to plaintiff's agent by defendants of their residence in Elsmere, New Castle County, Delaware, for the sum of $19,000. At the time of the execution of the agreement plaintiff delivered to defendants a check for $1,000 as a deposit. It was stipulated in the agreement that in the event of default by plaintiff all deposits should be forfeited as liquidated damages. This check, for reasons not here important, was never used. Among other things, the agreement provided for the removal by plaintiff of defendants' house to another part of the lot on which it was situated, and for certain other work to be done after the house had been removed, prior to the settlement for the property.

Shortly after the execution of the agreement defendants became dissatisfied with their bargain and indicated to the plaintiff's agents

on at least two occasions that they were not going to comply with the terms of the agreement. However, on September 1, 1950, the parties entered into another written agreement, in which they renewed their obligations as set forth in the agreement of May 12, 1950, and provided for settlement on or before November 15, 1950. Difficulties continued to exist between the parties after the execution of the later agreement. Plaintiff did not move the house or do the other work in connection therewith as provided by the agreement prior to settlement. Plaintiff contended that defendants never gave it permission to go on the premises for the purpose of moving the house and doing the work which it was required to have performed. Finally, plaintiff made legal tender of the purchase price upon defendants and demanded a deed. Defendants refused to comply with plaintiff's demand, alleging that plaintiff had breached the contract by failing to move the house and do the work incidental thereto prior to settlement.

Plaintiff resists defendants' counterclaim, contending: that the provision in the agreement relative to the deposit constitutes a penalty rather than liquidated damages and that, since defendants have proven no actual damages, they can have no recovery; that the actions of defendants, while not sufficient to entitle plaintiff to specific performance, were sufficient to give plaintiff a good defense to the counterclaim of defendants for damages; and, that there has been no showing that plaintiff has failed to meet its obligations which under the contract could give a right of action under the provisions of the agreement relative to the deposit of $1,000.

It was stated in the agreement that the payment or payments made on account should at the seller's option, "be forfeited as liquidated damages for the failure of the buyer to settle." Where the damages are uncertain and the amount agreed upon is reasonable, such an agreement will not be disturbed. *In re Ross & Son, Inc.,* 10 *Del.Ch.* 434, 95 *A.* 311. The injury caused by breach of a contract for the conveyance of land is usually not capable of such reasonably exact measurement as to prevent enforcement of an agreement that is not unconscionable. *Corbin on Contracts, Vol.* 5, *Sec.* 1064; *Williston on Contracts, Vol.* 3, *Sec.* 789. The agreed price was $19,000. The deposit of $1,000 is a little more than 5% of the total

purchase price. The agreement involved the sale of real estate. In the absence of evidence leading to a contrary conclusion, I cannot say that in an agreement involving the sale of real estate a deposit of approximately 5% of the total purchase price is unreasonable.

I conclude that the deposit of $1,000 was liquidated damages and not a penalty.

Were the actions of defendants sufficient to give plaintiff a good defense to the counterclaim of defendants? Plaintiff suggests that both before and after the execution of the extension agreement dated September 1, 1950, there was ample evidence of manifestation on the part of defendants that they did not intend to carry out the terms of the contract. As to the actions of defendants prior to September 1, 1950, the Supreme Court has already determined that question. *Wells v. Lee Builders, Inc., supra.* In that decision the Supreme Court said [34 *Del.Ch.* 107, 99 *A.2d* 622]:

> "The effect of the extension agreement, we think, was to wipe out any prior anticipatory breach of the contract by the defendants, or any action on their part which tended to prevent performance by the plaintiff of its obligation. Indeed, we think the plaintiff is precluded by its recital of fact from contending to the contrary."

The Supreme Court also held that both before and after September 1, 1950, plaintiff was reluctant to go to any expense in the performance of its obligation to move the dwelling until it was satisfied that it would in return receive a good fee simple title to the property which it was purchasing from defendants, as demonstrated by its concern over the defects in the title and in its suggestion of the escrow arrangements designed to facilitate its construction and to protect it from possible fruitless expense in moving the dwelling. With respect to this, the Supreme Court said:

> "The plaintiff, however, made its bargain and it may not complain that the defendants insisted upon strict compliance with the terms proposed originally by itself."

The Supreme Court further held that plaintiff failed to move the dwelling as provided by the contract, thus placing the responsibility for the breach upon plaintiff. It has also said that there was no

evidence after September 1, 1950, to sustain plaintiff's contention that defendants had notified plaintiff that they did not intend to comply with the terms and conditions of the agreement. In view of these findings of the Supreme Court, I conclude that that court has already determined that there was no breach of the contract after September 1, 1950, by defendants.

Plaintiff in its oral argument pressed as one of its reasons why the deposit should not be given to defendants the fact that at one time there was a defect in title, due to the fact that Form 25(c) had not been filed in the case of an estate of one of the deceased owners of the property. If that objection was important and if it was not cleared up, plaintiff must have waived it because no reference is made to such objection in any of the later letters of plaintiff and it was not called to the attention of defendants at the time of the tender made by plaintiff. The reading of the correspondence passing between counsel for the parties and an examination of the testimony with reference thereto indicates that plaintiff did not consider the defect in title, if it existed, as formidable. In any event, it did not relieve plaintiff from its responsibility under the contract to move the house and make the necessary repairs and improvements prior to settlement.

As to the question of whether or not there has been any showing that plaintiff has failed to meet its obligations, I consider that that question has also been decided by the Supreme Court when it said with reference to the moving of the dwelling house:

"Despite its present argument that it sought by every means to fulfill its obligation, there is no indication whatsoever that it took any steps to actually provoke a refusal by the defendants to permit the plaintiffs to proceed. * * *"

Since the Supreme Court has already held that any anticipatory breaches were wiped out by the agreement of September 1, 1950, and, further, that there was no evidence of any refusal by defendants after that date to comply with the terms of the contract, I must conclude that the defendants are entitled to the full sum of $1,000 as liquidated damages.

Order on notice in accordance with this opinion.