■ MEADOW STAR LLC, Respondent, v HARRY MACKLOWE et al., Appellants. [919 NYS2d 150]—

Defendants maintain that dismissal of the breach of contract claim was warranted since no equity contribution was required under the parties' agreement inasmuch as the two conditions of funding were not met. This argument fails because although section 3.1 of the partnership agreement for the proposed acquisition clearly stated that each partner was to make a $600 million capital contribution on or before November 27, 2006, the conditions under which the funding will occur are ambiguous (*see Eagle Indus., Inc. v DeVilbiss Health Care, Inc.*, 702 A2d 1228, 1232 [Del 1997]). For example, the joint bid letter dated November 15, 2006 could be reasonably construed to make the conditions under which funding would occur, i.e., an ultimate purchase price of no more than $49 per share and a capital contribution of no more than $1.2 billion, subject to the completion of the short diligence period of 10 business days. If due diligence was completed prior to November 27, 2006, and it did not appear the transaction would close, no capital contribution would be required. If due diligence was completed subsequent to November 27, 2006, and it did not appear the transaction would close, capital contributions made by November 27, 2006 would be returned. Thus, even if more than $1.2 billion in equity was ultimately required, the refund provision of section 3.1 would have been triggered.

Furthermore, contrary to defendants' contention, the liquidated damages amount sought by plaintiffs was not unenforceable as a matter of law. To determine whether the amount is a penalty or liquidated damages, Delaware courts apply a two-part test: "Where the damages are uncertain and the amount agreed upon is reasonable, such an agreement will not be

disturbed" (*Lee Bldrs., Inc. v Wells*, 34 Del Ch 307, 309, 103 A2d 918, 919 [1954]). Defendants have failed to demonstrate that "Failure to Contribute" amount at issue, $60 million, or 10% of the $600 million capital contribution to be made by each partner, was unenforceable (*see Piccotti's Rest. v Gracie's, Inc.*, 1988 WL 15338, *2-3, 1988 Del Super LEXIS 48, *3-9 [1988]; *see also United Rentals, Inc. v RAM Holdings, Inc.*, 937 A2d 810, 825-826 [Del 2007]). Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.